**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  _____

FRISCO STATION COMMERCIAL CONDOMINIUM ASSOCIATION

      Plaintiff,

v.

THE CHARTER OAK FIRE INSURANCE COMPANY

      Defendant.

---

**NOTICE OF REMOVAL**

---

      Defendant, The Charter Oak Fire Insurance Company ("**Charter Oak**"), through its attorneys and pursuant to 28 U.S.C. §§ 1441(a) and 1446 and D.C.COLO.L.Civ.R. 81.1, removes this civil action from District Court, County of Summit, Colorado to the United States District Court for the District of Colorado.  In support of this Notice of Removal, Charter Oak would show the Court as follows:

      1.     Charter Oak is a defendant in a civil action pending in District Court, Summit County, Colorado, entitled *FRISCO STATION COMMERCIAL CONDOMINIUM ASSOCIATION v. THE CHARTER OAK FIRE INSURANCE COMPANY*, case number 14CV30274.  A complete copy of the file from the state court is attached hereto.  Specifically, the Complaint and Civil Cover Sheet are attached as **Exhibit A**, the Summons is attached as **Exhibit B**, and the Affidavit of Service on the Colorado Division of Insurance is attached as **Exhibit C**.

2.     This Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b) because it is filed within one year of the commencement of this action and within thirty days of the date on which this case first became removable.  The Complaint was filed on November 11, 2014.  Plaintiff served his Complaint on the Division of Insurance, on behalf of Charter Oak, in accordance with C.R.S. § 10-3-107 on November 13, 2014.  *See* **Exhibit C**.  Charter Oak's thirty-day period for removal commenced on November 13, 2014, the date the Division of Insurance was served with the Complaint.  28 U.S.C. § 1446(b).

3.     Plaintiff alleges the following claims for relief against Charter Oak: (1) breach of contract; (2) common law bad faith; and (3) bad faith breach of an insurance contract pursuant to C.R.S. §§ 10-3-1115, 1116.

## Diversity of Citizenship

4.     On information and belief, Plaintiff is a registered Colorado Nonprofit Corporation in good standing that owns a commercial property located at 842 Summit Boulevard, Frisco, Colorado.  *See* Complaint ¶ 1.  Charter Oak is incorporated in the State of Connecticut with its principal place of business located in the State of Connecticut.

5.     Because Plaintiff is incorporated in the State of Colorado, and Charter Oak is incorporated in the State of Connecticut with its principal place of business in the State of Connecticut, there is complete diversity of citizenship among the parties.  28 U.S.C. § 1332.

## Amount in Controversy Exceeds Jurisdictional Requirements

6.     To meet the jurisdictional requirement under 28 U.S.C. § 1332, Charter Oak must establish that Plaintiff's damages could exceed $75,000.00, exclusive of interest and costs.  *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).  If the amount in controversy is not

stated specifically in the pleadings, the allegations contained in the Notice of Removal should be given determinative weight.  *See Longquist v. J.C. Penny*, 421 F.2d 597, 599 (10th Cir. 1970).

   7. The Colorado Rules of Civil Procedure prohibit a plaintiff from including the amount of damages it is seeking in its complaint.  C.R.C.P. 8 ("[n]o dollar amount shall be stated in the prayer or demand for relief….").  All removal applications involving complaints originally filed in state courts in Colorado, therefore, generally must rely upon facts beyond the pleadings or generally inferred from the pleadings.  *See Henderson v. Target Stores*, 431 F. Supp. 2d 1143, 1144 (D. Colo. 2006) (noting a variety of documents that could be considered "other paper" for purposes of placing a defendant on notice of the amount in controversy in order to determine the time within which removal papers must be filed).

   8. Plaintiff's Complaint, in compliance with the Colorado Rules of Civil Procedure, does not specify the exact amount of damages sought.  However, Plaintiff states in its complaint that it estimated at the time of the loss the replacement cost of the property was $1,505,335.29 and the net claim, which was allegedly denied by Travelers, after depreciation was $1,425,409.28. It can therefore be estimated that Plaintiff will seek approximately $1,500,000.00 in damages, plus additional damages for bad faith breach of insurance contract, double damages under its statutory claim, plus attorney fees.  *See* Complaint, **Exhibit A**.

   9. Accordingly, this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) because there is complete diversity between the parties and the amount in controversy exceeds $75,000.00.

   10. Promptly upon filing this Notice of Removal, Charter Oak shall give written notice of the filing to Plaintiff as required by law.  Charter Oak is concurrently filing a notice

attaching this Notice of Removal with the Clerk of the District County, City and County of Denver, Colorado where this action was originally filed.

WHEREFORE, Charter Oak requests that this Court accept its Notice of Removal and assume jurisdiction over this action.

Dated this 4th day of December, 2014.

SNELL & WILMER L.L.P.

*s/ Jonathan M. Allen*
Amy M. Samberg
Jonathan M. Allen
1200 17th Street, Suite 1900
Denver, CO 80202
Telephone: (303) 634-2000
Facsimile: (303) 634-2020
**Attorneys for Defendant**

20555818

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on December 4, 2014, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

John M. Owen
Childress Duffy, Ltd.
500 N. Dearborn St, Suite 1200
Chicago, IL 60654
Telephone: 312-494-0200
Fax: 312-494-0202
jowen@childresslawyers.com


*Counsel for Plaintiff*


*s/ Linda Ralph*_____
Linda Ralph

20555818