| | |
|---|---|
| DISTRICT COURT, SUMMIT COUNTY, COLORADO<br>Summit County Justice Center<br>501 N Park Street<br>Breckenridge, CO  80424<br>Telephone:  970-453-2272 | DATE FILED: November 11, 2014 4:20 PM<br>FILING ID: C94B1F8931C7F<br>CASE NUMBER: 2014CV30274 |
| FRISCO STATION COMMERCIAL CONDOMINIUM ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>THE CHARTER OAK FIRE INSURANCE COMPANY,<br><br>Defendant. | **COURT USE ONLY**<br><br>Case Number:<br><br>Div.: |
| John M. Owen, Atty. Reg. No. 47187<br>CHILDRESS DUFFY, LTD.<br>500 N Dearborn Street, Suite 1200<br>Chicago, IL 60654<br>Telephone:  (312) 494-0200<br>Facsimile:  (312) 494-0202<br>E-Mail: jowen@childresslawyers.com<br>service@childresslawyers.com<br>*Attorney for Plaintiff, Frisco Station Commercial Condominium Association* | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Frisco Station Commercial Condominium Association, by and through its attorneys, Childress Duffy, Ltd., submits its Complaint against Defendant, The Charter Oak Fire Insurance Company, and in support of its Complaint, states as follows:

**<u>GENERAL ALLEGATIONS</u>**

1. At all relevant times hereto, Plaintiff, Frisco Station Commercial Condominium Association ("Frisco Station"), has owned a commercial property located at 842 Summit Boulevard, Frisco, Colorado ("the Property").

2. At all relevant times hereto, Defendant, The Charter Oak Fire Insurance Company, d/b/a Charter Oak ("Charter Oak"), is and has been a foreign corporation authorized to do business in the State of Colorado.

1

**EXHIBIT A**

3. Venue is proper pursuant to C.R.C.P. 98 in the District Court in and for the County of Summit.

**FIRST CLAIM FOR RELIEF: (Breach of Contract)**

4. Frisco Station incorporates its allegations set forth in Paragraphs 1 through 4 of this Complaint as if fully restated here.

5. Charter Oak issued an insurance policy that provided commercial property coverage to Frisco Station, Policy No. I-680-1819C116-COF-11 ("the Policy"). A copy of the Policy is attached as Exhibit 1.

6. The Policy was in effect from December 9, 2011 to December 1, 2012.

7. Under the Policy, Charter Oak agreed to pay for direct physical loss or damage to the Property caused by risks of direct physical loss unless otherwise limited or excluded and to pay all amounts owed for such losses.

8. Frisco Station paid the premiums due on the Policy in a timely manner.

9. Frisco Station performed all duties and responsibilities required of it under the Policy, or alternatively, has been excused from performance by Charter Oak acts, representations, and/or conduct.

10. On July 16, 2012, while the Policy was in effect, the Property sustained direct physical loss and/or damage due to a covered event; namely, a wind and/or hail storm.

11. Frisco Station properly submitted a claim to Charter Oak for insurance benefits due under the Policy for the loss and fulfilled all other duties required of it under the Policy.

12. Frisco Station estimated the replacement cost value of the claim to be $1,505,335.29 and the net claim amount after depreciation to be $1,425,409.28.

13. Charter Oak has refused and continues to refuse to pay the full amount of benefits owed under the claim.

14. Frisco Station disagreed with Charter Oak's refusal to pay and asked Charter Oak to reconsider its coverage determination.

15. Throughout the claims adjustment, Charter Oak conducted a deficient and biased investigation of Frisco Station's claim and relied on biased third party engineers to corroborate its wrongful denial of coverage.

16. As a result of Charter Oak's denial of coverage, on or about November 18, 2013, Frisco Station demanded appraisal, as provided under the Policy.

**EXHIBIT A**

17.     On December 31, 2013, Charter Oak refused the appraisal process and inaccurately stated that "the Appraisal process applies only to disagreements of value of the property and not the determination of the cause of loss."

18.     On May 23, 2014, Frisco Station and Charter Oak executed a Tolling Agreement extending the contractual time period in which to bring suit.

19.     On June 30, 2014, Frisco Station submitted a sworn statement in proof of the loss.

20.     Charter Oak continues to refuse to pay the full amount of insurance benefits owed to Frisco Station under the Policy.

21.     Charter Oak's denial of benefits constituted a wrongful failure to pay its insured for the covered loss and amounted to a breach of the Policy.

22.     This breach of the insurance contract was and is the direct cause of damage to Frisco Station, including, without limitation:

   a.   loss of Policy benefits owed to indemnify it for the entire loss;

   b.   costs to repair, restore and/or replace significant property damage, and future costs to remediate such damage;

   c.   incidental and consequential damages, within the contemplation of the parties in the event of breach; and/or;

   d.   other expenses incurred as a result of Charter Oak's breach of its contractual obligations, including costs and fees.

23.     Plaintiff, Frisco Station Commercial Condominium Association, is entitled to judgment in its favor and against Defendant, The Charter Oak Fire Insurance Company, on its First Claim for Relief for compensatory damages for its losses, including prejudgment interest; costs and reasonable attorneys' fees in accordance with applicable law.

## SECOND CLAIM FOR RELIEF:
### (Common Law Bad Faith)

24.     Frisco Station incorporates its allegations set forth in Paragraphs 1 to 23 of this Complaint as if fully restated here.

25.     Under Colorado law, an insurer owes its insured the duty of good faith and fair dealing.

26.     An insurer breaches its duty of good faith and fair dealing when it engages in any of the following conduct:

**EXHIBIT A**

a. Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue and the appraisal process;

b. Failing to adopt and implement reasonable standards for the fair investigation of claims arising under insurance policies;

c. Refusing to pay the claim without first completing a reasonable and fair investigation based upon all available information;

d. Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear; and

e. Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds.

27. Charter Oak breached its duty of good faith and fair dealing by:

a. Refusing to timely and fully pay its insured for the full cost of covered damage to the insured premises;

b. Misrepresenting pertinent facts and policy provisions related to coverage at issue by adopting inconsistent and baseless coverage positions;

c. Failing to conduct a fair, timely, and thorough investigation of Frisco Station's claim;

d. Conducting a biased and outcome-oriented claim investigation through the use of third parties;

e. Delegating its duty to adjust the loss to an unqualified and/or biased third party;

f. Denying coverage based on incorrect facts and unsubstantiated speculation;

g. Refusing to reconsider its coverage position, even when facts that undermined the basis of its denial became evident;

h. Improperly refusing Frisco Station's demand for appraisal; and

i. Paying less than the full amount owed in the claim thereby forcing the insured to institute litigation, and incur the fees and costs associated therewith, simply to recover what was properly owed.

28. As a direct and expected result of Charter Oak's breach of its duty of good faith and fair dealing, Frisco Station has:

4

**EXHIBIT A**

    a.    not received all Policy benefits owed to indemnify it for the entire loss;

    b.    incurred and will incur in the future costs to repair, restore and/or replace significant property damage;

    c.    suffered and will continue to suffer incidental and consequential damages, within the contemplation of the parties in the event of breach; and

    d.    suffered and will continue to suffer other expenses incurred as a result of Charter Oak's unfair methods of competition and unfair or deceptive acts or practices in the business of insurance, including the fees and costs necessary to litigate.

29.    Plaintiff, Frisco Station Commercial Condominium Association, is entitled to judgment in its favor and against Defendant, The Charter Oak Fire Insurance Company, on its Second Claim for Relief for compensatory damages for its losses, including prejudgment interest; costs and reasonable attorneys' fees in accordance with applicable law.

### THIRD CLAIM FOR RELIEF:
### (Bad Faith Breach of an Insurance Contract)
### CRS §§ 10-3-1115 and -1116

30.    Frisco Station incorporates its allegations set forth in Paragraphs 1 to 29 of this Complaint as if fully restated here.

31.    Under C.R.S. § 10-3-1115, an insurer who delays or denies payment to an insured without a reasonable basis for its delay or denial is in breach of the duty of good faith and fair dealing.

32.    In breach of its duty to Frisco Station, Charter Oak, without a reasonable basis, delayed and denied benefits owed to Frisco Station by engaging in the following conduct:

    a.    Refusing to timely and fully pay its insured for the full cost of covered damage to the insured premises;

    b.    Misrepresenting pertinent facts and policy provisions related to coverage at issue by adopting inconsistent and baseless coverage positions;

    c.    Failing to conduct a fair, timely, and thorough investigation of Frisco Station's claim;

    d.    Conducting a biased and outcome-oriented claim investigation through the use of third parties;

**EXHIBIT A**

  e. Delegating its duty to adjust the loss to an unqualified and/or biased third party;

  f. Denying coverage based on incorrect facts and unsubstantiated speculation;

  g. Refusing to reconsider its coverage position, even when facts that undermined the basis of its denial became evident;

  h. Improperly refusing Frisco Station's demand for appraisal; and

  i. Paying less than the full amount owed in the claim thereby forcing the insured to institute litigation, and incur the fees and costs associated therewith, simply to recover what was properly owed.

33. As a direct and proximate result of Charter Oak's actions, Frisco Station has:

  a. not received all Policy benefits owed to indemnify it for the entire loss;

  b. incurred and will incur in the future costs to repair, restore and/or Charter Oak the significant property damage;

  c. suffered and will continue to suffer incidental and consequential damages, within the contemplation of the parties in the event of breach; and

  d. suffered and will continue to suffer other expenses incurred as a result of Charter Oak's unfair methods of competition and unfair or deceptive acts or practices in the business of insurance, including the fees and costs necessary incurred for litigation;

34. C.R.S. § 10-3-1116 authorizes a first-party claimant whose claim for payment of benefits has been unreasonably delayed or denied may bring an action in a district court to recover reasonable attorney fees and court costs and two times the covered benefit.

35. Plaintiff, Frisco Station Commercial Condominium Association, is entitled to judgment in its favor and against Defendant, The Charter Oak Fire Insurance Company, on its Third Claim for Relief as authorized by applicable statutes, including prejudgment interest; reasonable attorneys' fees and costs in accordance with applicable law; court costs; and two times the covered benefit.

WHEREFORE, Plaintiff, Frisco Station Commercial Condominium Association, prays as follows:

**EXHIBIT A**

A. On its First Claim for Relief, for judgment in its favor and against the Defendant, The Charter Oak Fire Insurance Company, for all unpaid covered benefits owed under the Policy;

B. On its Second Claim for Relief, for judgment in its favor and against the Defendant, The Charter Oak Fire Insurance Company, for all unpaid covered benefits owed under the Policy;

C. On its Third Claim for Relief, for judgment in its favor and against the Defendant, The Charter Oak Fire Insurance Company, for two times the amount of all covered benefits owed under the Policy;

D. For judgment in its favor and against the Defendant, The Charter Oak Fire Insurance Company, for costs, expert witness fees, and attorneys' fees incurred in prosecuting the claims against The Charter Oak Fire Insurance Company;

E. For judgment in its favor and against the Defendant, The Charter Oak Fire Insurance Company, for other damages resulting from The Charter Oak Fire Insurance Company's bad faith, including out-of-pocket expenses, and costs of ongoing damages resulting from The Charter Oak Fire Insurance Company's bad faith refusal to pay for the full loss and damage to Frisco Station's property, both real and personal;

F. For judgment in its favor and against the Defendant, The Charter Oak Fire Insurance Company, for pre- and post-judgment interest; and

G. For any further relief deemed appropriate by the Court.

**PLAINTIFF DEMANDS TRIAL TO A JURY ON ALL ISSUES SO TRIABLE.**

DATED this 11th day of November, 2014.

Respectfully submitted,

 s / John M. Owen
John M. Owen, Atty. Reg. No. 47187
CHILDRESS DUFFY, LTD.
500 N Dearborn Street, Suite 1200
Chicago, IL 60654
Telephone:  (312) 494-0200
Facsimile:  (312) 494-0202
E-Mail: jowen@childresslawyers.com
service@childresslawyers.com

Plaintiff's Address:
842 Summit Boulevard
Frisco, Colorado

**EXHIBIT A**