## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.  14-cv-03287-MSK-MJW

FRISCO STATION COMMERCIAL CONDOMINIUM ASSOCIATION

     Plaintiff,

v.

THE CHARTER OAK FIRE INSURANCE COMPANY

     Defendant.

---

**STIPULATED PROTECTIVE ORDER** ( Docket No. 42 )

---

The Court finds:

WHEREAS, certain information that is or may be produced and/or sought by discovery requests in this action may constitute confidential or proprietary information, trade secrets or other confidential research development or commercial information within the meaning of Fed. R. Civ. P. 26(c)(1)(G); and that Discovery will be facilitated if the parties are allowed to produce such information under a protective order pursuant to Fed. R. Civ. P. 26(c).

WHEREAS, pursuant to F.R.C.P. 26(c) and D.C.COLO.LCivR 30.2 and as stipulated by the parties, the Court deems it appropriate to limit disclosure of certain confidential information, as set forth below,

IT IS HEREBY ORDERED THAT:

1.    This Order applies to all products of discovery and all information derived therefrom, including, but not limited to, all documents and deposition testimony and any copies, excerpts or summaries thereof, and all written, recorded, or graphic material produced, obtained

22657130.1

or created by any party or other person pursuant to the requirements of any court order, requests for production of documents, requests for admissions, interrogatories, subpoenas, agreements or any other materials stamped confidential in accordance with this order.

    2.     To be treated as confidential under this order, confidential documents must be designated as "Confidential—Subject to Protective Order." "Confidential Information" means information or documents of any kind that are designated as ""Confidential—Subject to Protective Order" based on the designating party's good faith belief that the information or documents:

        (a)     Contain trade secret information, as defined by the Colorado Uniform Trade Secrets Act, C.R.S. §§ 7-74-101 *et seq.* and case law interpreting the statute, or other applicable law;

        (b)     Contain confidential, technical, commercial, financial or business information that does not meet the statutory definition of a "trade secret" but that, like a trade secret, will lose some or all of its value if disclosed to the general public; or

        (c)     Contain individuals' personal financial information, social security numbers, home addresses, home and other personal telephone number.

    3.     (a)     Confidential discovery material will be used only for the litigation of this action ("Litigation"), including any appeals of this litigation. Confidential discovery material will not be disclosed except in accordance with paragraphs 4, 6 and 8.

        (b)     Prior to being given access to stamped confidential documents, any person falling within subparagraphs 6(a)(iv), 6(a)(v) or 6(a)(vii) shall be provided with a copy of this Order and shall execute a copy of the Endorsement of Stipulation and Protective Order, attached

as **Exhibit A**. Counsel providing such access to stamped confidential documents shall retain copies of the Endorsement(s) of Stipulation and Protective Order and shall provide them to counsel producing stamped confidential documents as provided below. For testifying experts, a copy of the Endorsement of Stipulation and Protective Order executed by the testifying expert shall be furnished to counsel for the party who produced the stamped confidential documents to which the expert has access, either at the time the confidential material is provided to the testifying expert, or at the time the expert's designation is served, whichever is later.

4.      Stamped confidential documents shall have the following language stamped on each page that contains confidential information, or shall otherwise have such language clearly marked:

## CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER

Such stamping or marking will take place prior to production by the producing party, or subsequent to selection by the receiving party for copying but prior to the actual copying if done expeditiously. The stamp or marking shall be affixed or placed in such a manner as to not obliterate or obscure any written matter. In the case of deposition testimony, confidentiality designations shall be made within 30 days after the date this order is entered or within 30 days after the taking of such deposition, whichever shall occur later, and shall specify the testimony designated confidential by page and line number(s). Until the expiration of such 30 day period, the entire text of the deposition, excluding documents previously produced and not marked confidential, shall be treated as confidential under this Order. Should no designation be made during the 30 day period, then the entirety of the deposition shall not be considered confidential.

5.      Stamped confidential documents shall be used solely for the purposes of this litigation and for no other purpose without prior written approval from the Court or the prior written consent of the producing party or person.  All persons receiving or given access to stamped confidential documents in accordance with the terms of this Order consent to the continuing jurisdiction of the Court for the purposes of enforcing this Order and remedying any violations thereof.

6.      (a)      Stamped confidential documents shall not be disclosed to anyone other than the following categories of persons:

(i)      The Court (and any appellate court), including court personnel, jurors, and alternate jurors only in the manner provided in paragraph 8 below;

(ii)      If produced by Plaintiff, the named Defendant to this litigation, including Defendant's officers, directors, agents, employees, insurers, reinsurers, lawyers, and auditors to whom knowledge of such material is necessary for the preparation and trial of this case or as required in the normal course of business, and Defendant's attorneys in this litigation, including the paralegal, clerical, secretarial, and other staff employed or retained by such counsel;

(iii)      If produced by Defendant, Plaintiff's attorneys in this litigation, including the paralegal, clerical, secretarial, and other staff employed or retained by such counsel and employees and consultants of Plaintiff;

(iv)      Court reporters (including persons operating video recording equipment at depositions) and persons preparing transcripts of testimony to the extent necessary to prepare such transcripts;

(v)     Retained experts, advisors and consultants, including persons directly employed by such experts, advisors and consultants, (collectively "Experts") but only to the extent necessary to perform their work in connection with this litigation;

(vi)    The persons who authored the stamped confidential documents or who received such stamped confidential documents in the ordinary course of business;

(vii)   Any Special Masters and/or mediators appointed by the Court and their respective staff and/or an private mediators utilized in this case; and

(viii)  Such persons as the parties' counsel shall consent to in writing before the proposed disclosure.

(b)     All parties and their respective counsel, paralegals, employees and assistants receiving stamped confidential documents or material shall take all steps reasonably necessary to prevent the disclosure of stamped confidential documents other than in accordance with the terms of this Order.

(c)     Disclosure of stamped confidential documents other than in accordance with the terms of this Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate, including, without limitation, contempt, injunctive relief, and damages.

7.      (a)     If at any time a party wishes for any reason to dispute a designation of stamped confidential documents as confidential hereunder, such party shall notify the designating party of such dispute in writing, specifying the exact document numbers of the stamped confidential documents in dispute and the precise nature of the dispute with regard to each such stamped confidential document.  If the parties are unable to resolve the dispute, the

proponent of confidentiality shall apply by motion to the Court for a ruling as to whether or not the stamped confidential documents are entitled to confidential status or protection, provided such motion is made within 15 days from the date on which the parties, after a good faith attempt, cannot resolve the dispute or such other time period as the parties may agree. The Court will deny the motion unless the proponent of confidentiality shows that there is good cause for the document to have such protection

(b)     All stamped confidential documents, whether or not such designation is in dispute pursuant to subparagraph 7(a) above, shall retain that designation and be treated as confidential in accordance with the terms hereof unless and until:

(i)     the time period for filing a Motion for Protective Order set forth in paragraph 7(a) has expired without the filing of any such motion;

(ii)     the producing party agrees in writing that the material is no longer confidential and subject to the terms of this Order; or

(iii)     ten days after the expiration of the appeal period (or such longer time as ordered by this Court) of an Order of this court that the matter shall not be entitled to confidential status if the Order on appeal is not subject to a stay.

(c)     The parties shall comply with D.C.COLO.LCivR 7.1 and negotiate in good faith before filing any motion relating to this Order.

8.     (a)     Except as provided for herein, nothing in this Order shall prevent or restrict counsel for any party in any way from retaining control over disclosure of its own confidential materials, including that party's right to inspect, review or use materials produced by that party, including discovery material designated as confidential;

(b)      Nothing shall prevent disclosure beyond that required under this Order if the producing party consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure and that Order is not subject to any appellate stay within 20 days after it is issued.

(c)      No disclosure pursuant to this Paragraph 8 shall waive any rights or privileges of any party granted by this Order.

9.      Prior to filing any pleading, motion, or other paper with the Court that contains or discloses any documents or information designated as confidential by the non-filing party, the party seeking to make such filing will meet and confer with the designating party concerning the treatment of confidential documents and information in the filing. Absent written agreement by the parties to the contrary, any stamped confidential document that is filed with the Court, and any pleading, motion, or other paper filed with the Court containing or disclosing any stamped confidential documents or information therefrom shall be accompanied by a motion to restrict setting forth the matters required by D.C.COLO.LCivR 7.2(c), with a cover page stating:

**THIS DOCUMENT CONTAINS / CONFIDENTIAL INFORMATION COVERED BY A PROTECTIVE ORDER OF THE COURT AND IS SUBMITTED UNDER ~~SEAL~~ PURSUANT TO THAT PROTECTIVE ORDER. THE CONFIDENTIAL CONTENTS OF THIS DOCUMENT MAY NOT BE DISCLOSED WITHOUT THE EXPRESS ORDER OF THE COURT.**

*[handwritten: Restricted Access.]*

The parties will collaborate on the content of the motion to restrict such that the designating party is provided an opportunity to set forth all grounds supporting restriction under D.C.COLO.LCivR 7.2(c). Provided sufficient basis is shown to restrict public access to the document pursuant to D.C.COLO.LCivR 7.2(c), said stamped confidential documents and/or papers containing information therefrom shall be kept under ~~seal~~ until further order of the Court;

*[handwritten: Restricted Access]*

*[handwritten in right margin: MJW 10-7-15]*

however, said stamped confidential documents and/or papers containing information therefrom filed under seal shall be available to the Court and counsel of record, and to all other persons entitled to receive the confidential information contained therein under the terms of this Order.

10.   This Order shall not enlarge or affect the proper scope of discovery in this or any other litigation, nor shall this Order imply that stamped confidential documents are properly discoverable, relevant or admissible in this or any other litigation.  Each party reserves the right to object to any disclosure of stamped confidential documents and/or information therefrom that the producing party designates as stamped confidential documents on any other ground it may deem appropriate.

11.   The entry of this Order shall be without prejudice as to the rights of the parties, or any one of them, or of any non-party to assert or apply for additional or different protection.

12.   All parties and counsel for such parties in this litigation shall make a good faith effort to ensure that their experts, employees, and agents comply fully with this Order.  In the event of a change in counsel, retiring counsel shall fully instruct new counsel of their responsibilities under this Order.

13.   The terms of this Order shall survive and remain in effect after the termination of this litigation. The parties shall take such measures as necessary and appropriate to prevent the public disclosure of stamped confidential documents and/or information therefrom, through inadvertence or otherwise, after the conclusion of this litigation.

14.   Within 30 days after the termination of this litigation (including any appeals) or such other time as the producing party may agree in writing, the parties shall return all stamped

confidential documents (and all copies thereof) to counsel for the producing party, with the exception of any materials that would be protected by the work product doctrine.

15.     If a receiving party or its counsel or expert is served with a subpoena or other process by any court, administrative or legislative body, or any other person or organization which calls for production of any stamped confidential documents produced by another party, the party to whom the subpoena or other process is directed shall not, to the extent permitted by applicable law, provide or otherwise disclose such documents until 10 business days after notifying counsel for the producing party in writing  of the existence of the subpoena and providing counsel for the producing party with a copy of the subpoena.  If the producing party files a motion to quash or other proceeding to prevent the production of stamped confidential documents, the party or person to whom the subpoena or other process is directed will not oppose such motion or proceeding.

16.     Inadvertent production of documents that would otherwise be subject to designation as "Confidential—Subject to Protective Order" pursuant to the terms of this order shall not constitute a waiver of the right of the producing party to mark the document as "Confidential—Subject to Protective Order," provided that the producing party promptly notifies the receiving party in writing of such inadvertently produced documents and all copies thereof.  Provided the party has a good faith belief that the item falls within Fed.R.Civ.P. 26(c)(1)(G), the producing party may, subsequent to such inadvertent production, notify the receiving party that the inadvertently produced document should be designated as "Confidential—Subject to Protective Order." Following notification by the producing party, the receiving party shall treat the inadvertently produced document as if it had been designated as

"Confidential—Subject to Protective Order" prior to production and the terms of this Order shall apply to such document. To the extent that there is a good faith dispute, the parties agree to treat the materials as Confidential Information until the dispute can be addressed by the Court.

17.     This order does not restrict or limit the use of stamped confidential documents at any hearing or trial, which proceedings are expected to be the subject of a further protective order and/or appropriate court orders.  Prior to any hearing or trial at which the use of stamped confidential documents is anticipated, the parties shall meet and confer regarding the use of stamped confidential documents.  If the parties cannot agree, the parties shall request that the Court rule on such procedures.

18.     This Order shall not prevent any persons bound hereby from making use of information or documents without the restrictions of this Order if the information or documents are lawfully in their possession and/or lawfully obtained through discovery in this litigation or there has been a final judgment (including any appeal therefrom) declaring that such information or documents are not confidential in this or any other case.

19.     This Protective Order may be amended by the written agreement of counsel for the parties in the form of a stipulation for the Court's consideration.

20.     Nothing in this Order shall limit or circumscribe in any manner, any rights the parties may have under common law or pursuant to any statute, regulation or ethical cannon.

## ORDER

IT IS SO ORDERED.

Dated this _7th_ day of October, 2015.

BY THE COURT:

_____
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

APPROVED AS TO FORM:

CHILDRESS DUFFY, LTD.

_s/ Andrew M. Plunkett_
Andrew M. Plunkett
Thomas Loucks
500 N. Dearborn St, Suite 1200
Chicago, Illinois 60654
aplunkett@childresslawyers.com
tloucks@childresslawyers.com

**_Counsel for Plaintiff_**

SNELL & WILMER L.L.P.

_s/ Thomas H. Blomstrom_
Amy M. Samberg
Allison L. Biles
Thomas H. Blomstrom
1200 17th Street, Suite 1900
Denver, Colorado 80202
Telephone: 303.634.2000

**_Counsel for Defendant_**

**Exhibit A**

**Endorsement of Stipulation and Protective Order**

I, _____, have read the Protective Order filed in the case of *Frisco Station Commercial Condominium Association v. The Charter Oak Fire Insurance Company,* and agree to abide by the provisions set forth in that order.

_____

22657130.1